Case 4:22-cr-00620 Document 29 Filed on 07/26/23 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CRIMINAL CASE NO. H-22-620 |
| | § |
| CEDRIC MOSELY, | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND OPINION**

A grand jury indicted Cedric Mosely, who has a previous felony conviction, on one count of knowingly possessing a firearm, in violation of § 18 U.S.C. §§ 922(g)(1). Mr. Mosely has moved to dismiss the indictment, arguing that § 922(g)(1) violates the Second Amendment to the U.S. Constitution, both facially and as applied. (Docket Entry No. 25). Mr. Mosely also argues that the statute violates his equal protection rights and the Constitution's Commerce Clause. For the following reasons, the court denies the motion.

**I.   *Bruen* and Its Consequences**

The Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), followed its decision *District of Columbia v. Heller*, 554 U.S. 570 (2008), in which the Court first concluded that "the Second Amendment conferred an individual right to keep and bear arms." *Id.* at 595. The *Heller* Court qualified its interpretation and rejected the proposition that this individual right extended to arms carried "for *any sort* of confrontation." *Id.* The Court also noted that its analysis, directed to the District of Columbia's laws on possessing handguns, did not concern "the full scope of the Second Amendment," and that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" and other restrictions. *Id.* at 626.

The *Heller* opinion raised concerns about how to implement it and the subsequent decision in *McDonald v. Chicago*, 561 U.S. 742 (2010). *See, e.g.*, *Rogers v. Grewal*, 140 S. Ct. 1865, 1865 (2020) (Thomas, J., dissenting from the denial of certiorari) ("[I]n several jurisdictions throughout the country, law-abiding citizens have been barred from exercising the fundamental right to bear arms because they cannot show that they have a 'justifiable need' or 'good reason' for doing so. One would think that such an onerous burden on a fundamental right would warrant this Court's review."); *Young v. Hawaii*, 992 F.3d 765, 829 (9th Cir. 2021) (en banc) (O'Scannlain, J., dissenting) ("In so holding [a Hawai'i gun licensing scheme constitutional], the majority reduces the right to 'bear Arms' to a mere inkblot. The majority's decision undermines not only the Constitution's text, but also half a millennium of Anglo-American legal history, the Supreme Court's decisions . . . [in *Heller* and *McDonald*], and the foundational principles of American popular sovereignty itself."), *cert. granted, judgment vacated and abrogated by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

The result was *Bruen*, which clarified the standard under which courts must evaluate limits on an individual's right to bear arms. *Bruen* rejected the approach taken by some courts of appeal, which considered not only history but the ends that a given law attempted to further. *Bruen*, 142 S. Ct. at 2129 (rejecting "means-end" scrutiny). Because judges "lack expertise" in the field of firearms regulation, the *Bruen* Court instead directed them to become historians. *Id.* at 2130 (observing the "difficult[y]" of historical analysis while finding it "more legitimate . . . and more administrable, than asking judges to make difficult empirical judgments about the costs and benefits of firearms restrictions.") (internal quotation marks and citation omitted). The *Bruen* Court held that:

> the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution

2

presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

*Id.* at 2129–30.  Justice Alito concurred and stated that the decision protected "only the rights of 'law-abiding residents.'"  *Id.* at 2157 (Alito, J., concurring).  Justice Kavanaugh also concurred, joined by the Chief Justice, quoting the *Heller* dicta that "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  *Id.* at 2162 (Kavanaugh, J., concurring).

Following *Bruen*, the Fifth Circuit found that 18 U.S.C. § 922(g)(8), which prohibits the possession of firearms by a person subject to a domestic violence restraining order, was unconstitutional.  *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, No. 22-915, 2023 WL 4278450 (U.S. June 30, 2023).  In that case, the government argued that the defendant's conduct and the restraining order against him showed that he was not "law-abiding" or a "responsible citizen[.]" *Id.* at 451.  The basis of the restraining order was the defendant's alleged assault of his former girlfriend.  *Id.* at 449.  The court rejected the argument that the Supreme Court's language encompassed the kind of conduct that formed the basis for the restraining order—conduct for which the defendant was not convicted of a felony.  *Id.* at 452.  In other words, "Rahimi was not a convicted felon or otherwise subject to another 'longstanding prohibition[] on the possession of firearms' that would have excluded him." *Id.*

## II.     Analysis

The court acknowledges that *Bruen* has thrown well established circuit authority into question.  Some district courts have explicitly or implicitly found that *Bruen* requires them to consider Second Amendment challenges under the *Bruen* test, rather than by straightforward reference to circuit precedent.  *See, e.g.*, *United States v. Bullock*, ___ F. Supp. 3d ___, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309, at *4 (S.D. Miss. June 28, 2023) (finding that *Bruen*

3

"abrogated Fifth Circuit precedent" and performing a *Bruen* analysis to conclude that § 922(g)(1) was unconstitutional as applied to the particular defendant); *but see, e.g.*, *United States v. Donahue*, No. 2:22-CR-00128-1, 2023 WL 4372706, at *2 (S.D. Tex. July 5, 2023) (performing a *Bruen* analysis and denying the defendant's motion to dismiss because "[s]ection 922(g)(1) is constituent with the Nation's historical traditional of firearm regulation.").

As Mr. Mosely acknowledges, (Docket Entry No. 25 at 3), the Fifth Circuit has not addressed § 922(g)(1) in light of *Bruen*. The *Rahimi* court distinguished the case it confronted from those implicating § 922(g)(1), which would require a predicate finding that the person in question had, at some point, not been "law-abiding." 18 U.S.C. § 922(g)(1) (prohibiting "any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm or ammunition."). As the government notes, many district courts in this and other circuits have reached the conclusion that § 922(g)(1) is constitutional. (*See* Docket Entry No. 26 at 9–11 fn.3).

Mr. Mosely points to the Third Circuit's opinion in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc). (Docket Entry No. 25 at 3). The *Range* court held that § 922(g)(1) was unconstitutional as applied to the defendant, who had been convicted before *Bruen* under § 922(g)(1) on the basis of a prior state conviction on "one count of making a false statement to obtain food stamps." *Id.* at 98. The court explained that although the district court "[f]aithfully appl[ied] our then-controlling precedents," *id.* at 99, "*Bruen* abrogated our Second Amendment jurisprudence." *Id.* at 101. The court then applied the *Bruen* test to the defendant's as-applied challenge to his conviction.

*Range* is not binding on this court. And unlike the Third Circuit, the Fifth Circuit has not convened en banc to address the effect of *Bruen* on the circuit's § 922(g)(1) jurisprudence. No

4

panel of the Fifth Circuit has concluded that *Bruen* is an intervening decision necessitating a change in circuit law. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision."). The Fifth Circuit may choose to revisit its § 922(g)(1) jurisprudence if given the opportunity.[1] But its existing precedents bind this court. Those precedents affirm the constitutionality of § 922(g)(1). *See, e.g.*, *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (affirming the defendant's conviction and noting the *Heller* Court's statement that its opinion should not "be taken to cast doubt on long-standing prohibitions on possession of firearms by felons") (quoting *Heller*, 554 U.S. at 626). Exercising plain error review, the circuit recently confirmed that "there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional on its face or as applied and . . . it is not clear that either *Bruen* or *Rahimi* dictate such a result." *United States v. Garza*, No. 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023) (per curiam).

Mr. Mosely's equal protection and Commerce Clause arguments fail for the same reason: they are barred by circuit precedent. *See, e.g.*, *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003). Neither *Bruen* nor *Rahimi* addressed the effect, if any, of the Supreme Court's revisionist Second Amendment jurisprudence on such claims.

---

[1] The government did not appeal the Mississippi district court's opinion in *Bullock*.

**III.     Conclusion**

The court denies the motion.  (Docket Entry No. 25).

 

_____
Lee H. Rosenthal
United States District Judge